## Schuylkill Railway Company et al., Appellants, *v.* The Public Service Commission.

*Public Service Company Law—Carriers—Certificate of public convenience—Approval of incorporation—Appeal—Act of July 26, 1913, P. L. 1374-1388, Article III, section 2 (a) and (b); Article V, sections 18 and 19.*

An order of the Public Service Commission, approving the incorporation of a motor bus company, will be affirmed, where the corporate purpose was the transportation of passengers and freight in twenty-four named counties in the state, between such points in said counties or any of them by such route or routes as shall hereafter be approved by The Public Service Commission. Such an order merely signified the approval of The Public Service Commission of the incorporation of the company and did not authorize the beginning of the exercise of any of its powers.

On appeal from such an order the question of destructive competition is premature. Mere approval of incorporation does not create a competitive condition. Such a question is properly raised when application is made for a certificate of public convenience approving the exercise of the franchises with respect to specific routes. Until these have been defined no other company has status to complain that it has been affected by the incorporation.

Argued November 15, 1927.  Appeal No. 322, October T., 1927, by protestants from order of The Public Service Commission of the Commonwealth of Pennsylvania, in the case of Schuylkill Railway Company, Schuylkill Transportation Company and Arthur L. Shay and James D. Evans, Receivers of the Railway, property and franchises of the said Schuylkill Railway Company, v. Public Service Commission of the Commonwealth of Pennsylvania. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Dismissed.

Application for certificate of public convenience approving incorporation of a motor bus company.

The opinion of the Superior Court states the case.

The Public Service Commission granted the certificate.  Protestant appealed.

*Error assigned,* among others, was the order of the Commission.

*Arthur L. Shay,* and with him *Frederick M. Leonard* and *James D. Evans,* for appellants.

*John T. Brady,* and with him *C. T. Wolfe,* for intervening appellees.

*Wendell Y. Blanning,* Assistant Counsel, and with him *John Fox Weiss,* Counsel, for The Public Service Commission.

OPINION BY HENDERSON, J., December 15, 1927:

Application was made to the Governor for letters patent incorporating the Reading Transportation Company pursuant to the general incorporation act of 1874 and supplements.  The Secretary of the Commonwealth certified the application to the Public

Service Commission. The applicants for incorporation then applied to the commission as required by art. III, sec. 2 (a) of the Public Service Company law, 1913 P. L. 1374, 1388, for a certificate of public convenience showing the commission's approval of the proposed incorporation. Various protests against granting the certificate were filed with the commission. After hearing in which numerous protestants participated, the commission filed a report and order issuing its certificate. From that action this appeal was taken.

The corporate purpose stated in the application is the transportation of passengers and freight in twenty-four named counties in the state "between such points in the said counties [one of them being Schuylkill County] or in any of them by such route or routes as shall hereafter be approved by the Public Service Commission of the Commonwealth of Pennsylvania ......"

In Schuylkill County, appellants, the receivers of the Schuylkill Railway Company operate about twenty-five miles of electric railway, while the other appellant, Schuylkill Transportation Company operates motor busses.

Their opposition is based on the expectation of destructive competition by the operation of Reading Transportation Company. Their business will be destroyed, they say, if (1) the proposed corporation receives letters patent, which have not yet been issued, and (2) if then, under art. III, sec. 2 (b) and art. V, sec. 18 and 19, 1915 P. L. 1388, 1414, the commission grants an application which the corporation must make for leave to begin the exercise of its franchises, which application may specify a route in Schuylkill County competitive with the routes of appellants. The mere statement of those contingencies demonstrates that discussion of the objections would be premature. Nothing has yet been decided by the commission save

that on the evidence submitted the corporation may be created; it cannot be said that the mere approval of incorporation creates a competitive condition such as appellants fear; even if letters patent issue, the corporation cannot engage in the business of transportation in Schuylkill County without first obtaining a certificate of public convenience with respect to routes to be occupied, and when application therefor is made, appellants will have the opportunity afforded to them by the statute to be heard.

The appeal is dismissed.